1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

| | | |
|---|---|---|
| VERNON DAVE WELCH, | ) | No. C 04-5158 WHA (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING WITHOUT |
| | ) | PREJUDICE SUMMARY |
| vs. | ) | JUDGMENT MOTIONS AND |
| | ) | MOTIONS FOR LEAVE TO |
| COUNTY OF SONOMA; CALIFORNIA | ) | AMEND; DENYING |
| FORENSIC MEDICAL GROUP, INC.; | ) | EXTENSIONS OF TIME; |
| SANTA ROSA MEMORIAL HOSPITAL; | ) | GRANTING IN PART MOTION |
| JIM PICCININI, Sonoma County Sheriff; | ) | FOR ADDITIONAL |
| Lieutenant SANDY GAESLIN; Lieutenant | ) | INTERROGATORIES; |
| L. W. ERSKINE; Deputy JODY OLNEY; | ) | SCHEDULING MOTIONS |
| Deputy RICK BOSTIC; JANE AND JOHN | ) | |
| DOES, Sonoma County Sheriff's Deputies; | ) | |
| JOHN AND JANE DOES, Chief Medical | ) | |
| Officer, Officers, and Nurses at Sonoma | ) | |
| County Main Adult Detention Facility; | ) | |
| ROGER A. KLEIN, M.D.; DREW | ) | (Docket No. 54, 61, 68, 74, 80, 81, |
| HITTENBERGER, M.D.; JOHN HUBERT, | ) | 90, 99, 105, 109) |
| M.D.; JIM LUDERS, M.D.; MIKE E. | ) | |
| DAGEY, R.N.; JANE and JOHN DOES, | ) | |
| City of Santa Rosa Police Officers; | ) | |
| Lieutenant PAUL HENRY; Officer MARY | ) | |
| LOU HERNANDEZ; JOHN DOE, | ) | |
| Chairman of Sonoma County Board of | ) | |
| Supervisors; | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

        This is a civil rights action filed by a California prisoner proceeding pro se.  The

motions for summary judgment filed by defendants Sonoma County, Sonoma County,

Lieutenant Sandy Geaslin, and Deputy Jody Olney (the "County defendants"), and by

defendant Dr. Roger A. Klein (Dkt. Nos. 61, 68, 74, 99), are **DENIED** without prejudice to

refiling on or before **October 30, 2012**, accompanied by proof of service upon plaintiff of the

notice and warning regarding summary judgment required by *Woods v. Carey*, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012) (citing *Rand*). Summary judgment cannot be granted unless such a warning is provided to plaintiff at the time the motion is filed. *Ibid.* Defendants should note that it is not sufficient to simply advise plaintiff to read the warnings sent to him previously by the court; defendants must send him a new notice and warning at the same time they file their new summary judgment motion. They may use the wording in the court's prior warnings for that purpose.

The County defendants, in renewing their motion for summary judgment, shall file a joint motion if at all practicable. Plaintiff's opposition to the defendants' motions, including the pending summary judgment motion filed by defendants Dagey, Hubert[1] and Luders (Dkt. No. 94), is due on or before **November 30, 2012**. Plaintiff need not file separate oppositions to each motion; he may file a joint opposition to all of the defendants' motions in a single document. Defendants shall file reply briefs on or before **December 14, 2012**.

Plaintiff's motions for an extension of time in which to file oppositions to the summary judgment motions are DENIED as moot (Dkt. Nos. 90, 105). The provisions set forth in the conclusion of the Order of Service of December 20, 2011, remain in effect to the extent they are not in conflict with this order.

Plaintiff has filed two motions for leave to file a third amended complaint (Dkt. Nos. 54, 80). The proposed amended complaint seeks to name 27 defendants that were identified in the second amended complaint as Jane and John Does. These individuals are employees of Sonoma County, and they appear to be similarly situated to the named defendants vis-a-vis plaintiff's claims. If so, the claims may be resolved via the named defendants' summary judgment motions. In their summary judgment motion(s), defendants shall address this issue and whether summary judgment can and should be granted in favor of the Doe defendants in the second amended complaint. At the present time, leave to file the amended complaint is

---

[1]Hubert was incorrectly identified in the second amended complaint as "Hibbard."

**DENIED** without prejudice to refiling if, in resolving defendants' summary judgment motions scheduled above, summary judgment is not also granted in favor of the Doe defendants.

Plaintiff's motion for an extension of time in which to file a dispositive motion and to propound additional interrogatories is **GRANTED IN PART** (Dkt. 80).  An extension of time is unnecessary as there is no deadline for him to file a dispositive motion.  Plaintiff may propound an additional ten interrogatories beyond the limit of 25 set forth in Rule 33, or a total of 35 interrogatories, upon each of the defendants Sonoma County, Geaslin and Olney.

This order terminates docket No. 54, 61, 68, 74, 80, 81, 90, 99, 105, and 109.

**IT IS SO ORDERED.**

Dated: September __27__, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.04\WELCH158.MOT.wpd