IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DAVE WELCH,<br><br>        Plaintiff,<br><br>  vs.<br><br>COUNTY OF SONOMA; CALIFORNIA FORENSIC MEDICAL GROUP, INC.; SANTA ROSA MEMORIAL HOSPITAL; JIM PICCININI, Sonoma County Sheriff; Lieutenant SANDY GAESLIN; Lieutenant L. W. ERSKINE; Deputy JODY OLNEY; Deputy RICK BOSTIC; JANE AND JOHN DOES, Sonoma County Sheriff's Deputies; JOHN AND JANE DOES, Chief Medical Officer, Officers, and Nurses at Sonoma County Main Adult Detention Facility; ROGER A. KLEIN, M.D.; DREW HITTENBERGER, M.D.; JOHN HUBERT, M.D.; JIM LUDERS, M.D.; MIKE E. DAGEY, R.N.; JANE and JOHN DOES, City of Santa Rosa Police Officers; Lieutenant PAUL HENRY; Officer MARY LOU HERNANDEZ; JOHN DOE, Chairman of Sonoma County Board of Supervisors;<br><br>        Defendants. | No. C 04-5158 WHA (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND EXPERTS; GRANTING IN PART EXTENSION OF TIME<br><br><br><br>(Docket No. 140) |

      This is a civil rights action filed by a California prisoner proceeding pro se. Renewed summary judgment motions have been filed separately by defendants Sonoma County, Geaslin, and Olney (the "County defendants"), and by defendant Klein. Defendants Dagey, Hibbard and Luders have also filed a separate summary judgment motion. Plaintiff has filed a motion for appointment of counsel, for appointment of medical experts, and for an extension

of time to oppose the summary judgment motions.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). In short, the Court has only the power to ask pro bono counsel to represent plaintiff, not the power to "appoint" counsel. Plaintiff has effectively litigated this action for over eight years in the district and appellate courts without assistance of counsel or medical experts. There are no unusual circumstances about this case that warrant appointment of counsel or experts at this time. Following ruling on the summary judgment motions, the need to appoint counsel and/or medical experts will be reconsidered sua sponte.

Plaintiff has requested an indefinite extension of time to oppose the motions. Plaintiff has had an excessive amount of time to prepare his case and oppose the motions. The conduct at issue occurred over ten years ago, he filed the case over eight years ago, the defendants were served more than one year ago, and it has been more than five months since the defendants initially filed their summary judgment motions, which are substantially duplicated by their renewed motions. Additionally, plaintiff has already received at least six extensions of time in this case, including an extension of several months to oppose the summary judgment motions while certain defendants renewed their motions to correct a technical deficiency. Plaintiff's present motion states that he is under "acute" psychiatric care, and requests an indefinite extension until he is "fit." The motion is not accompanied by any declaration or letter from his treating physician explaining his current condition, excusing his ability to continue to litigate this case as he has done for the last eight years, or describing how long his treatment has been going on or is expected to continue. Indeed, in his motion plaintiff indicates that he has been able to read the defendants' motions. As a result, there is no evidence to justify further extending a deadline that has already been amply extended in a

case in which plaintiff has demonstrated sufficient capability to litigate his claims and has had many years to prepare them. Accordingly, only a short and final extension of time will be granted, to and including **January 22, 2013,** in which plaintiff may file his opposition to defendants' motions. No further extension of time will be granted. Plaintiff may oppose the summary judgment motions in separate oppositions or in a single, consolidated opposition. Plaintiff should re-read the warning provided below. Defendants' reply briefs are due no later than **14 days** after plaintiff's opposition is filed.

For the foregoing reasons, plaintiff's motion (dkt. 140) is **GRANTED IN PART**.

**IT IS SO ORDERED.**

Dated: January   3  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.04\WELCH158.EOT3.wpd

3

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.